UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES BLUME, individually and on behalf of others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 4:12 CV 165 DDN ) |
| INTERNATIONAL SERVICES, INC., et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER APPROVING SETTLEMENT

This matter came before the court on August 29, 2014 for a hearing on plaintiff's unopposed motion (Doc. 81) for approval of the settlement of this case and the approval of the release of claims under the Fair Labor Standards Act (FLSA). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

The court has considered the materials filed in support of the motion and the undisputed factual information presented at the hearing, and from this record makes the following findings of fact and conclusions of law:

## FACTS

1. This is a collective class action, brought under 29 U.S.C. § 216(b),[1] in which plaintiff Charles Blume represents a class of 166 current and former employees of International Services, Inc. (ISI plaintiff class), all of whom have opted into the class. The plaintiff class alleged that defendants violated the FLSA by failing to pay them overtime wages to which they were entitled and failed to pay them for all the hours they actually worked.

2. The issues presented in this action involved the classification of the subject employees as not exempt or exempt from the relevant provisions of the FLSA; and the action involved the method of calculation of the relevant hours and damages. These issues were

---

[1] Under 29 U.S.C. § 216(b), an action may be brought to recover unpaid and owing wages by a group of employees who have given their consent to be a party to the action. Section 216(b) also provides, "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

strongly contested by the parties. Previously, the defendants reviewed this issue with the United States Department of Labor, which stated that defendants' position was incorrect; defendants disputed this determination. The amount in controversy between the class and the defendants substantially exceeded $1 Million.

3. The parties negotiated in good faith during the progress of this action to achieve a mediated, [2] reasonable proposed settlement agreement and release of claims. The determination of the number of hours upon which the settlement was achieved involved a survey of employees for information and consideration of whether they worked part-time or full-time. The settlement also involved consideration of service awards to the lead class member, Charles Blume, and to two other class members, who cooperated and actively participated in the litigation. The terms of the settlement and the proposed distribution of funds are described in the exhibits attached to filed Document 81. The court has carefully reviewed these documents and finds their provisions fair, reasonable, and adequate to the class members. Further, the method of payment of the settlement amounts and class counsel attorneys' fees over time is fair and reasonable, given the relevant economic circumstances.

4. The settlement agreement also provides for reasonable attorney's fees and expenses for the ISI plaintiff class counsel, which are to be paid by the defendant employer. The ISI plaintiff class has been fairly and competently represented by the Lear Werts LLP law firm during the court proceedings and during the Alternative Dispute Resolution proceedings which led to the settlement of the action. Class counsel have expended monies, described in the exhibits to the settlement agreement, on behalf of the class. These expenditures and the amount of counsel hours recorded are fair and reasonable and are properly reimbursable from the settlement proceeds. In this common fund case the agreed upon percentage-of-recovery method is preferable to the usual lodestar method for determining reasonable attorney's fees and expenses. West v. PSS World Med., Inc., 2014 U.S. Dist. LEXIS 57150, at 3-4 (E.D. Mo. 2014). Class counsel have agreed to receive a lesser percentage fee (33%) than they originally agreed to (35%). In originally agreeing to a contingency fee, class counsel originally took the substantial risk that it would receive nothing or substantially less at the conclusion of this action.

---

[2] The court appreciates the successful efforts of the mediator, John R. Phillips, Esq., in bringing the parties to a settlement of this action. The record of the court establishes that the parties engaged in substantial Alternative Dispute Resolution efforts and proceedings in good faith.

5. The parties have proposed a third-party administrator to notify the class members of the settlement and to distribute the settlement funds from an escrow account established for this purpose. This arrangement is acceptable and fair.

6. Given the agreement of the parties that distribution of the settlement amounts will occur over time, the parties have agreed that this federal district court would retain both personal and subject matter jurisdiction over the enforcement of the parties' settlement agreement.

## DISCUSSION

The court's duty in reviewing the agreement between the ISI plaintiff class and the defendants is to determine whether the settlement of this collective class action (a) resulted from contested litigation to resolve an actual controversy between the employees and the employer, and (b) is fair, reasonable, and adequately protects the best interests of the ISI plaintiff class members and the defendants. See Fry v. Accent Mktg. Servs., LLC, 2014 U.S. Dist. LEXIS 9464 (E.D. Mo. 2014) (Perry, C.J.) ("A district court may only approve a settlement agreement in a case brought under § 216(b) after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties."); Lynn's Food Stores, Inc. v. United States by and through U.S. Dept. of Labor, 679 F.2d 1350, 1353 (11th Cir. 1982)("When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.").

The facts set forth above express the court's belief and conclusions that the litigation that led to the settlement was an actual dispute that was strongly contested; the settlement is fair, reasonable, and protects the best interests of the parties; and the amounts of the agreed upon attorney's fees and expenses for the plaintiff class counsel are reasonable.

Therefore,

**IT IS HEREBY ORDERED** that the unopposed motion of the Plaintiff Class for approval of the settlement of this action and the release of the plaintiffs' claims under the Fair Labor Standards Act (Doc. 81) is sustained. The parties' Settlement Agreement and Release of Claims (Doc. 81-1) is hereby approved and incorporated by reference as part of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the parties execute the provisions of their Settlement Agreement and Release of Claims, including the funding of the escrow account, the distribution of

proceeds therefrom, and the payment of the reasonable attorney's fees and expenses of class counsel as the parties have agreed.

**IT IS FURTHER ORDERED** that this court retain both personal and subject matter jurisdiction over the enforcement of the parties' Settlement Agreement and Release of Claims (Doc. 81-1) and this Memorandum and Order. Nevertheless, the Clerk of Court shall administratively terminate this action.

/s/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on September 2, 2014.